Henderson, Judge,
dissentiente. — The Plaintiff in this case declares, that the Defendant, with an intent to in *432 jure and defraud the Plaintiff, and to deprive him of a Jus^ demand which he had against C. D, aided and as-sisted the Defendant, in the year 1818, to remove him-sej£ ouj. 0f tjic COunty, with all the averments necessary to bring the case within the operation of the act of 1796. The Judge before whom the cause was tried, was of opinion, that the act of 1820 so entirely annulled the effect of the act of 1796, that no penalty inflicted by that act could be enforced, although an action might be pending for the penalty when the act of 1820 was passed. It is in this way I understand the record, and shall so consider it. That the act of 1820 repealed the act of 1796, cannot be denied, for independent of other reasons, there are express words of repeal; but it does not follow, in my understanding, that this penalty is waived or released by the Legislature. It is admitted that all penalties exist by the will of the Legislature, and that any time before they were actually inflicted, the Legislature may remit or release, whether suit is pending for them or not, and whether at the instance of an informer or party grieved. It is also admitted that this is a penalty, for the amount of the debt is inflicted, regardless of the actual injury sustained by the Plaintiff. When the act was done, to wit, in 1818, there was a law in being which made it penal | and the question is, has the Legislature done any thing, from which it can be discovered that they no longer wish the penalty to be inflicted. In an act of repeal, generally, there is not any express declaration that the penalties incurred, and not inflicted, by the repealed act, shall be remitted,-but Courts of Jus - tice, whose business and duty it is to construe the acts of the Legislature, have found, or think they have found, an intent in the Legislature to remit the penalties, on the simple ground, that if an act is not of itself criminal to-day, it was not criminal yesterday'; and if prevented yesterday, it arose either from mistaken principles of justice, or from some principle of policy which no longer existed, and the very act of repeal was evidence of the *433 one or the other. The Courts, therefore, by this or some such mode of argument, arrived at the conclusion, that the Legislature no longer desired to inflict the penalty. This was in cases of simple repeal; but the Legislature might, as I hey have done in numerous cases, repeal the law, and by the words thereof give the repealing law entirely a prospective operation, as by declaring it should not affect any penalties incurred under the repealed law'. In the law of 1320 there is no declaration tiiat penalties incurred under the act of 17"96 shall be remitted but there are the strongest reasons to believe, nay, a doubt cannot be raised, that it was not designed to remit such a penally as was incurred by the act charged in this declaration ; for in the very act of repeal, tikis act is subjected to the very same penalty as it would have been under the act of 1796 : without express words such intent cannot be inferred, in 1819 an act is done, which, under the act of If56, is penal j in 1821 an act in every respect the same, is done : the latter act is punishable under the act of 1820, and yet the very same act, without any express words, protects the act done in 1819 from punishment$ that is, from an act of the Legislature declaring a certain act to be criminal and inflicting punishment, an inference is drawn that the act is no longer criminal, and that no punishment shall be inflicted on it; thus the act of 1796 declares, that, if a person shall aid or assist in the removal of a debtor, (and if he docs it with a fraudulent design he is not bettered,) certain requisites not being complied with, that such person shall pay the debts of the debtor ; by the act of 1820 it is declared, that if a person shall fraudulently assist a debtor, he shall do the same thing : this, it is said, is evidence that the Legislature no longer designed to punish the act. The present Defendant, in 1818, when the act of J 796 was in force and attached on his acts, aided and assisted a debtor to remove, that debtor not having given notice or taken the precautions required by the act, but he went further than what was necessary to render him *434 Hable under the act of 1796 $ for it is charged that he a*ded with a fraudulent intent, which I presume will not take the case without the act. I see nothing in the act j 820, which shews an intention in the Legislature no longer to inflict penalties for such acts. It is said that the act of 1796 protects the most fraudulent aider, if the requisitions of the act are complied with, and that under 1820, an innocent one is protected without precautions, and that a guilty one is not. This is admitted. This suit is not brought or supported by the act of 1820 ; it is founded entirely on the act of 1796. Any thing necessary to charge him under that act must he shewn, and every defence under that act is allowable. That statute attached on the transaction; it governs it. By that shall the parties be judged, not on the two together, farther than to look into the latter for the sole purpose to ascertain if the penalty is expressly or constructively waived ór remitted.
In answer to the objection, that more is stated in this declaration than is necessary to support the action, to wit, the fraud, and the Defendant must have the spirit of prophecy to foretell that it would be necessary ; I find it here, and if a person, not gifted with the same spirit, should declare on the act of 1796, so as barely to bring the case within the act, and pending the suit the law of 1820 should have been passed, the Court would permit the alteration to be made in the declaration, under their general power of allowing amendments, if the Plaintiff should require it and believe that he could superadd the proof of fraud to the other allegations ; and thus exclude the idea of remission or release apparent in all cases depending under the act of 1796, where the assistance was not given fraudulently. I therefore think that the opinion of the presiding Judge was wrong in declaring that the act of 1820 was a total repeal of the act of 1796, and that under no circumstances could the action be maintained.